FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0174

DA 17-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 73N

DONNIE NOLAN,

        Plaintiff and Appellant,

    v.

CITY OF BILLINGS, MONTANA,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause Nos. DV 14-1015,
DV 14-1016
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Donnie Nolan, Self-Represented, Shelby, Montana

        For Appellee:

        Jessica T. Fehr, Adam J. Tunning, Moulton Bellingham PC, Billings,
Montana

Submitted on Briefs:  February 6, 2018

Decided:  April 3, 2018

Filed:

                         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Donnie Nolan ("Nolan"), representing himself, filed two separate complaints in the Thirteenth Judicial District Court, Yellowstone County, against the City of Billings ("City") in July and August of 2014. Nolan's first complaint alleged the City "for action of Employees and Sergeant Riley Finnegan" violated the Fourth Amendment, and falsely imprisoned him in August 2013. Nolan's second complaint alleged the City falsely imprisoned him in September 2013. The District Court granted the City's motion to consolidated the two cases.

¶3    Throughout the litigation, Nolan failed to respond to multiple discovery requests and motions by the City, even after two District Court orders to compel that also granted Nolan additional time in light of his status as a self-represented litigant. After Nolan's fourth failure to respond to discovery in violation of the District Court's January 19, 2016 Order, the City moved for summary judgment and attached police reports from Nolan's August and September 2013 arrests pertaining to Nolan's claims. Nolan responded to the City's summary judgment motion without submitting evidence of any kind and made additional conclusory allegations that were unsupported by the record. On February 24, 2017, the District Court granted the City's motion for summary judgment and dismissed Nolan's case. Nolan appeals.

2

¶4     The only evidence in the record reflects that on August 25, 2013, Nolan approached a man outside an apartment complex, grabbed him by the shirt, and threatened to shoot him.  Billings Police arrived and found Nolan hiding in an apartment directly above the victim's girlfriend's apartment.  After Nolan declined to leave the apartment in which he locked himself, Sergeant Finnegan obtained permission from the neighbor looking after that apartment to enter it by force.  Finnegan proceeded to kick the doorknob, enter the apartment, and arrest Nolan for misdemeanor assault and obstructing a peace officer.  Officers booked Nolan into the Yellowstone County Detention Facility.  Nolan posted bond, but failed to report to his probation officer.  Consequently, on September 17, 2013, Nolan's probation officer issued a felony probation violation warrant for Nolan's arrest.  On September 22, 2013, around 4 a.m., Officer Brandt stopped Nolan, who initially identified himself as "Mark Jones," while driving a white Cadillac on Montana Avenue.  Officer Brandt arrested Nolan for the felony probation violation warrant, obstructing a peace officer, driving with a suspended license, and no car insurance.  In February 2014, the Municipal Court held a hearing on a motion to suppress, after which it instructed the parties to submit proposed findings of facts and conclusions of law.  However, before the Municipal Court ruled on the suppression motion, the City dismissed all charges against Nolan on both the August and September 2013 arrests.

¶5     We review a district court's grant of summary judgment de novo. *Wilson v. Brandt*, 2017 MT 290, ¶ 11, 389 Mont. 387, 406 P.3d 452.  A court may grant summary judgment only when the moving party demonstrates both absence of any genuine issue of material fact and entitlement to judgment as a matter of law.  M. R. Civ. P. 56(c)(3).  The nonmoving

3

party must present facts of a substantial nature that show genuine issues of material fact remain for trial, precluding summary judgment. *Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 12, 323 Mont. 140, 99 P.3d 171. The nonmoving party's facts supported by evidence must be material and substantive, and more than conclusory allegations, speculations, or denials. *Cape*, ¶ 12. We review a district court's discovery ruling for an abuse of discretion. *McCulley v. U.S. Bank*, 2015 MT 100, ¶ 22, 378 Mont. 462, 347 P.3d 247.

¶6 The Fourth Amendment protects citizens "against unreasonable searches and seizures," but lacks a private right of action. U.S. Const. amend. IV. Instead, 42 U.S.C. § 1983 provides citizens a civil remedy, and a plaintiff must demonstrate that the government entity itself acted deliberately or culpably through its custom, policy, or practice to establish liability for conduct of its employees. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359 (2011); *Peschel v. City of Missoula*, 686 F. Supp. 2d 1107, 1116–17 (D. Mont. 2009). To succeed on a false imprisonment claim, a plaintiff must prove by a preponderance of the evidence that the government unlawfully restrained him against his will. *Kichnet v. Butte-Silver Bow Cnty.*, 2012 MT 68, ¶ 23, 364 Mont. 347, 274 P.3d 740. The record reflects the City set forth undisputed facts that do not indicate a violation of the Fourth Amendment or false imprisonment. Nolan's unsupported conclusory statements fail to rebut the City's position. *Cape*, ¶ 12.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This case presents a

question controlled by settled law.  The District Court's interpretation and application of the law were correct, and its discovery ruling was not an abuse of discretion.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER